IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PREMCOR REFINING GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> APEX OIL COMPANY, INC., ATLANTIC RICHFIELD COMPANY, ARCO PIPELINE COMPANY, BP PRODUCTS NORTH AMERICA INC., BP PIPELINES (NORTH AMERICA) INC., KOCH PIPELINE COMPANY, KOCH INDUSTRIES INC., EQUILON ENTERPRISES LLC, and SHELL OIL COMPANY, <br><br> Defendants. | Case No. 3:17-cv-738-NJR |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Joint Motion for Order Regarding the Stipulation entered into by Plaintiff Premcor Refining Group, Inc. ("Premcor") and Defendant Apex Oil Company, Inc. ("Apex") as to Phase 1 of discovery in this matter. (Doc. 332). Pursuant to the Stipulation of the parties (Docs. 267; 332-1), the Court **GRANTS** the motion and **FINDS** the following:

1. On February 24, 2021, this Court issued the Third Amended Scheduling Order in this case, which ordered the adoption of a phased approach to discovery. (Doc. 259). The Court set the scope of Phase 1 discovery as follows:

   Discovery during the first phase shall be limited to fact discovery regarding whether a party to this action is a covered person pursuant

> to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. [§] 9607(a) of CERCLA. Discovery into disposal of hazardous substances shall be limited to the extent necessary to demonstrate that each party is a covered person, and phase one discovery shall not include an inquiry into the extent or allocation of each covered person's liability.

(*Id.*) This language and Phase 1 of discovery applied to and through the operative scheduling order, which is the Sixth Amended Scheduling Order. (Doc 324).

2. After entry of the Third Amended Scheduling Order, discovery proceeded into whether a party to this action was a "covered person" pursuant to CERCLA.

3. Premcor and Apex agreed and stipulated that Apex is a "covered person" pursuant to 42 U.S.C. § 9607(a)(2). (Docs. 267; 332-1)

4. The stipulation completely resolves the issue before the Court in Phase 1 between Premcor and Apex. To be clear, pursuant to the stipulation, and for purposes of summary judgment after Phase 1, no disputed material issues of fact remain as to Apex for Phase 1.

5. For purposes of Phase 1 discovery in this matter, the Court finds Apex a "covered person" pursuant to 42 U.S.C. § 9607(a)(2), consistent with the stipulation between Premcor and Apex.

**IT IS SO ORDERED.**

**DATED: August 16, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**