IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PREMCOR REFINING GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> APEX OIL COMPANY, INC., ATLANTIC RICHFIELD COMPANY, ARCO PIPELINE COMPANY, BP PRODUCTS NORTH AMERICA INC., BP PIPELINES (NORTH AMERICA) INC., KOCH PIPELINE COMPANY, KOCH INDUSTRIES INC., EQUILON ENTERPRISES LLC, and SHELL OIL COMPANY, <br><br> Defendants. | Case No. 3:17-cv-738-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff The Premcor Refining Group Inc. ("Premcor") brought this action against several Defendants, including Equilon Enterprises LLC ("Equilon") and Shell Oil Company ("Shell"), under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607, 9613. Now pending before the Court is a Joint Motion for Entry of Settlement Agreement and Dismissal filed by Plaintiff Premcor (Doc. 340) as to the settlement agreement between itself and Defendants Equilon and Shell. After considering the motion, reviewing the settlement agreement, and noting that no objections have been filed, the Court grants the motion.

Federal policy encourages settlement in CERCLA actions. *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011). A district court must approve a settlement

agreement or consent decree that is reasonable, consistent with CERCLA's goals, and substantively and procedurally fair. *Id.* As an initial matter, the Court finds that Premcor, Equilon, and Shell entered into their agreement in good faith. The Court also finds that the settlement agreement is procedurally and substantively fair as it is the product of years' long and arms' length negotiation, compromise, and discovery. The parties appear equally sophisticated and capable of protecting their individual interests. Moreover, the non-settling parties had ample notice of the ongoing settlement negotiations. The main purposes of CERCLA are, "to establish a comprehensive response and financing mechanism to abate and control the vast problems associated with abandoned and inactive hazardous waste disposal sites," and "to shift the costs of cleanup to the parties responsible for the contamination." *Metro. Water Reclamation Dist. of Greater Chicago v. N. Am. Galvanizing & Coatings, Inc.*, 473 F.3d 824, 827 (7th Cir. 2007) (internal quotation marks omitted). The agreement remains faithful to these objectives by funding the necessary work for prompt and effective cleanup.

The State of Illinois, as a party to the settlement agreement, reviewed several drafts of the agreement and approves of its terms. The Court defers to the State's expertise concerning the contamination and necessary cleanup of the site at issue. Substantive fairness necessitates that settlement terms are "based upon, and roughly correlated with, some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational (if necessarily imprecise) estimates of how much harm each [potentially responsible party] has done." *Evansville Greenway and Remediation Trust v. Southern Ind. Gas and Elec. Co., Inc.*, No. 3:07-cv-66, 2010 WL 3781565, at *1 (S.D. Ind. Sept. 20, 2010). Given the scope of the site and its neighboring properties owned and operated by Equilon and Shell and deferring to the State's expertise regarding their contribution to the contamination, the Court finds that

the agreement's terms align with rational estimates of liability attributable to Equilon and Shell.

Under 42 U.S.C. § 9613(f)(2), a party "who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." Further, Section 9613(f)(2) states, "[s]uch settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement." 42 U.S.C. § 9613(f)(2). As such, no other potentially responsible parties, including the non-settling defendants, are permitted to bring contribution claims against Equilon or Shell for the matters addressed in their settlement agreement. Accordingly, any and all claims or potential claims for contribution against Equilon or Shell are hereby barred. The liability of the non-settling parties will be reduced by the total amount paid under the settlement agreement.

Accordingly, the Court **GRANTS** the Joint Motion for Entry of Settlement Agreement and Dismissal (Doc. 340). The Court **ENTERS** the settlement agreement between Premcor, Equilon, and Shell as Exhibit A of this Order. Pursuant to the agreement, all claims against Equilon and Shell are dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED:  December 18, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**