IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PREMCOR REFINING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> APEX OIL COMPANY, INC., ATLANTIC RICHFIELD COMPANY, ARCO PIPELINE COMPANY, BP PRODUCTS NORTH AMERICA INC., and BP PIPELINES (NORTH AMERICA) INC., <br><br> Defendants. | Case No. 3:17-CV-00738-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Entry of a Seventh Amended Scheduling Order submitted by remaining Defendants Apex Oil Company, Inc., Atlantic Richfield Company, Arco Pipeline Company, BP Products North America Inc., and BP Pipelines (North America) Inc. (collectively "Defendants"). (Doc. 349). Plaintiff Premcor Refining Group, Inc. ("Premcor") opposes the motion and proposes its own Seventh Amended Scheduling Order for entry. (Doc. 351). For the reasons set forth below, the Court grants Defendants' motion in part.

Since the Third Amended Scheduling Order (Doc. 259), the Court has structured discovery into phases based on the advocacy of Premcor and several defendants. The phased approach to discovery is also consistent with guidance from the Manual for Complex Litigation, which describes the three typical and interrelated phases of Comprehensive

Environmental Response, Compensation and Liability Act ("CERCLA") litigation as: (1) liability; (2) determination of remedy and recoverable costs, including challenges to response actions for which costs were incurred; and (3) equitable allocation of response costs among defendants. Manual for Complex Litigation §§ 34.12, 34.21 (4th Ed. 2017). In previous scheduling orders, the Court limited the parties to Phase 1 discovery regarding whether a party to this action is a covered person pursuant to CERCLA. But the Court limited discovery into other areas, such as disposal of hazardous substances to the extent necessary to demonstrate that each party is a covered person, and the Court excluded inquiry into the extent or allocation of each party's liability or CERCLA's petroleum exclusion.

In the operative Sixth Amended Scheduling Order (Doc. 324), the Court opened up discovery to concurrently enter Phase 2. In this phase, discovery concerned amounts that any party incurred, or committed to incur, that could constitute response costs under CERCLA and amounts that any party received, or is entitled to receive, subject to this action from any other person, including insurers, indemnitors, or parties to other lawsuits. After Premcor filed its dispositive motion on Phase 1 issues as to the BP Defendants, the Court and the parties discovered that issues related to the petroleum exclusion necessarily impacted the disposition of the covered person issue slated for resolution in Phase 1. In the Court's Order of March 29, 2024 (Doc. 346), the Court directed the parties to meet and confer as to whether the Sixth Amended Scheduling Order needed to be updated to explicitly include inquiries into the petroleum exclusion for Phase 2 of discovery. All parties agree that the scheduling order should be modified, but the parties submitted two separate proposed scheduling orders, and Defendants filed a motion for the Court to adopt their proposal.

Defendants urge the Court to continue with the phased approach allowing for discovery into the petroleum exclusion in Phase 2, which is already proceeding. Defendants anticipate that continuing the phased approach is the most efficient way to proceed by promoting settlement while avoiding a costly, time-consuming effort to conduct all remaining discovery simultaneously. Defendants argue that continuing in Phase 2, while opening up discovery into the petroleum exclusion, will clarify the scope of the case by identifying the costs that are recoverable under CERCLA and allow closure to the covered persons issue. Defendants also criticize Premcor's counterproposal as unrealistically compact and too aggressive considering the mountain of issues yet to be addressed and the 80-year history of the property at issue. Lastly, according to Defendants, Premcor's proposal for simultaneous expert disclosure is inefficient and prejudicial to them by forcing their experts to guess Premcor's potential recoverable costs and damages.

Opposing Defendants' proposal under the phased approach, Premcor asks the Court to open up discovery to all remaining issues. Premcor highlights the length of this litigation thus far, the significant narrowing of issues and parties over time, as multiple defendants have entered settlement agreements with Premcor, and the overall reduction in complexity of the case. As the remaining issues are interrelated, Premcor argues that a single phase would now be most efficient. Premcor criticizes Defendants' approach as piecemeal and dilatory.

As an initial matter, Premcor expresses apprehension against isolating the petroleum exclusion into a separate phase. But the Court has no interest in doing so. Given the recent Phase 1 dispositive motions, the Court does see fit to include inquiries into the petroleum exclusion within the current phase of discovery. The Court agrees with Premcor to some

extent that the complexity of the case has lessened with several defendants settling. The Court also acknowledges the length of the litigation thus far, although that is not uncommon for CERCLA actions. But the complexity related to the long and complicated ownership history of the Refinery property remains the same. And the reasons for phased discovery—encouraging settlement, avoiding burdensome and expensive discovery, preserving judicial economy and conserving resources—have also not changed. Especially considering that Phase 1 liability issues are not entirely resolved, the Court finds it unfair to open up discovery entirely as to the defendants who have yet to be deemed covered persons. As such, the Court declines to abandon the phased approach.

Premcor states that most CERCLA cases are divided into two phases (liability and costs), however, many cases proceed through trifurcation or three phases. *See, e.g., Matter of Bell Petroleum Serv's, Inc.*, 3 F.3d 889, 893 (5th Cir. 1993); *United States v. Puerto Rico Indus. Dev. Co.*, 368 F. Supp. 3d 326, 332 (D.P.R. 2019); *United States v. Davis*, 261 F.3d 1, 16 (1st Cir. 2001); *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 441 (6th Cir. 2004); *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 573 (9th Cir. 2018). Here, while *discovery* will proceed in three phases, the remaining Phase 1 and Phase 2 issues can possibly be resolved through the same dispositive motion practice or trial, if necessary. Then, the remaining phase of allocation discovery could proceed separately, which is not unusual in CERCLA proceedings. Or perhaps, depending on the status of the case at that time, all issues could be consolidated for trial purposes.

At this point, the discovery reserved for the next phase relates to allocation, including the application of any relevant equitable factors. All other inquires, including the petroleum exclusion, fall into Phase 1 and Phase 2, which are partially completed and ongoing.

Continuing with this approach is not piecemeal as Premcor suggests. But given the length of discovery thus far and the potential amount of discovery ahead, the Court finds it prudent to condense Defendants' proposed timeline. All deadlines (including reply briefs for any dispositive motions) in the current phases shall be completed on or before **April 30, 2025**. There is no need to prolong these phases for well over a year when they have already been underway for quite some time.

Accordingly, the Court **GRANTS in part** Defendants' motion (Doc. 349) and discovery will proceed in a phased approach. But the parties are **ORDERED** to meet, confer, and submit a revised scheduling order of the key discovery deadlines for completion of Phase 1 and Phase 2. The parties shall submit a jointly proposed scheduling order (in which all deadlines are completed by the date listed above) on or before **July 12, 2024.**

**IT IS SO ORDERED.**

DATED:  June 26, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**